McKinney, J.
delivered the opinion of the court.
This is an action of assumpsit, to recover a sum of money alleged to have been loaned and advanced by the plaintiff to John Dalton, (defendant’s intestate,) in his lifetime. It appears from the bill of exceptions, that the case was submitted to the jury on the testimony of a single witness, who stated, “that on the 26th December 1845, she saw her father, the plaintiff, loan to John Dalton, $95 15; she saw him count it out to him; that her father had been to the bank to get money for Mr. Dalton, and when he came back he counted it out, and it lacked $2 50.of being as much as her father promised Dalton, and Dalton took two pair of shoes from her father for it-
On crosfe-examination, she said she did not know whose money it was; nor whether it was raised on her father’s or on Dalton’s note, but it was her understanding that it was her father’s. She heal'd Dalton say he was going to pay it with two hogsheads of tobacco, at New Orleans. She also proved that' Dalton went to her father’s house to get her father to raise the note to a larger amount, in order that he might get a portion of the money — that her father was absent at the *613 time, and she never heard any conversation between Dalton and her father about raising the note; this was a few days before her father went to the bank. Upon the foregoing, which was all the evidence in the case, the jury found in favor of the defendant, and a new trial having been refused, the plaintiff prosecuted an appeal in error to this court. There was no ex-, ception to the charge of the court, and the only question is, whether the court erred in refusing' to grant a new trial on the ground that the verdict was against the evidence.
The settled rule of this court, that in civil cases where there is conflicting or contradictory evidence, the verdict of the jury upon the facts will not be disturbed, unless wholly unsupported by the evidence, is not to be understood as applying to cases where no such conflict really exists, and the verdict is without any evidence to sustain it. Is there any evidence in this case to warrant or support the verdict?
The fact of the loan of the money sued for by the plaintiff to the intestate, is distinctly proved by the witness The credibility of the witness is not impeached, and her testimony being unexplained and uncontradicted by any opposing evidence, made out at least a prima facie case for a recovery by the plaintiff. The mere negative statement of the witness on cross-examination, that “she did not know whose money it was, nor upon whose note it was raised” did not conflict with, much less destroy, the force of the material fact proved — the loan of the money.
If the transaction were a loan, as proved, the intestate thereby became debtor to the plaintiff, who unquestionably was entitled to sue for and recover the amount loaned, unless his right of recovery were repelled on some legal ground of defence — no such defence was attempted in this case from any thing appearing in the bill of exceptions.
If the money were not in fact advanced as a loan, but in *614 discharge of a debt due from the plaintiff to the intestate, or if the money obtained from the bank and advanced to the intestate, was not the money of the plaintiff, and not obtained upon his credit, and if there existed any other legal, ground of defence, the facts, it is to be presumed, were susceptible of proof, and a prima facie right of recovery having been made out by the plaintiff, it devolved upon the defendant to resist such recovery by legal and proper evidence. This they omitted to do.
It is manifest, however, that the facts of this case admit of a much more full and satisfactory exposition than is furnished in the record before us. And being unable to find any thing in the evidence adduced to support the ■ verdict, we reverse the judgment and remand the cause for a new trial, upon which there will be opportunity for a more full and explicit developement of the truth of the case. Let the judgment be reversed.